CHARLES H. BARM

*v.*

FREDERICK BRAGG *et al.*

70  283
152  364

1. CHANCERY JURISDICTION—*remedy at law.*  A party having a complete legal title to real estate, free from all incumbrances, and in the possession of the same, can not maintain a bill in chancery to restrain threatened trespasses, conveyances and leases of a mere stranger, unless special circumstances are shown, so that the court can see that the threatened conveyances or leases will operate as a cloud upon the title, or that the trespasses will tend to the destruction of the inheritance, or work irreparable injury.

2. AMENDMENT—*of bill in chancery, discretionary.*  A motion to amend a bill in chancery is addressed to the discretion of the court.

APPEAL from the Circuit Court of Cook county; the Hon. E. S. WILLIAMS, Judge, presiding.

Messrs. RUNYAN, AVERY, LOOMIS & COMSTOCK, for the appellant.

Mr. E. S. BRAGG, for the appellees.

Mr. JUSTICE McALLISTER delivered the opinion of the Court:

This is an appeal from the decree of the circuit court of Cook county, dismissing the appellant's bill in chancery to enjoin appellee Bragg from leasing, selling, conveying or in any manner incumbering or putting a cloud upon lot 36, block 35, Canal Trustees' sub-division, of section 7, township 39, range 14 east of third principal meridian, in Cook county, or going into, or putting any person into, possession thereof, or any portion of the same, and to enjoin appellee Whitson from interfering with the possession of said premises.

The only ground for equitable interference disclosed by the bill, is, simply, that the complainant was the owner in fee simple of said premises, free from all incumbrances whatever, and, as such owner, was in possession, and had paid taxes on the land since 1865; but that appellee Bragg is now insisting upon leasing, selling and consuming said property, placing a cloud upon the record, so as to injure complainant, etc., and upon placing one Andrew Whitson into the possession of the west half of said lot, threatening to put a building thereon. A temporary injunction was awarded; but upon a general demurrer being filed to the bill, and motion made to dissolve the injunction, for want of equity, and because complainant had an adequate remedy at law, the court dissolved the injunction. The complainant's solicitor then applied for leave to amend the bill, and tendered an amendment, not sworn to, to the effect that Bragg had leased the west half of the lot to Whitson for a period of years; had endeavored, and is now

threatening, to convey the same by deed to other persons, so as to incumber the title to the same; had, in fact, mortgaged said premises, and Whitson had commenced an action of forcible detainer to recover possession, from complainant, of the premises. The court overruled the motion to amend, sustained the demurrer, and, no other offer to amend being made, dismissed the bill. The complainant appeals.

The complainant came into a court of equity, alleging that he had a complete legal title to the premises, free of all incumbrances, and asks the court to interfere to restrain threatened trespasses, conveyances and leases of a mere stranger. There is nothing stated in the bill from which the court could see that the threatened conveyances or leases would operate as a cloud upon complainant's title; and as to the trespasses, there is nothing stated from which an injury tending to the destruction of the inheritance, or that would be irreparable, was threatened. Where the plaintiff is in possession, and the acts are those of a stranger, the tendency of the court is, not to grant an injunction, and will leave him to his remedy at law against such stranger, unless there are special circumstances, or they tend to the destruction of the inheritance. 1 Joyce on Law of Inj. p. 4; Addison on Torts, pp. 315, 316.

It can not be claimed that the bill contains the requisite elements of a bill of peace.

Amendments are in the discretion of the court. We are unable to see how the amendment proposed would help appellant's case.

The decree must be affirmed.

*Decree affirmed.*